**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Harold Worthy, : | |
| : | Civil Action No. 15-1333(RMB) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| State of New Jersey, : | |
| : | |
| Respondent. : | |

**BUMB**, District Judge:

On February 20, 2015, Petitioner, an inmate incarcerated in South Woods State Prison in New Jersey, purported to remove his pending post-conviction motion from state court, and submitted his claim in this Court. (Doc. No. 1.) Petitioner's post-conviction proceeding was not actually removed here by the state court; instead, this matter was opened based on Petitioner's original filing in this Court. Petitioner alleged federal subject matter jurisdiction over his sentencing claim under 28 U.S.C. ¶ 1331, based on his reliance on the U.S. Supreme Court case Blakely v. Washington, 542 U.S. 296 (2004). (Pet., Doc. No. 1.) Petitioner self-styled his complaint, rather than using

1

the appropriate form, "Petition for Relief From a Conviction or Sentence By a Person in State Custody Under 28 U.S.C. 2254."

Petitioner did not pay the filing fee or submit an application to proceed without prepayment of the filing fee in this Court.  See Local Rule 5.1(f)(any papers submitted to the Clerk without payment of such fees fixed by statute or by the Judicial Conference of the United States will be marked as received but not filed.)  Thus, the Court will dismiss this matter, but Petitioner will be allowed to file a new case by paying the five dollar filing fee for a writ of habeas corpus[1] or by completing the form "Application to Proceed In Forma Pauperis in a Habeas Case."

Although Petitioner may open a new case, he should be aware that the Court must summarily dismiss a petition if it plainly appears that petitioner is not entitled to relief in the district court.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254(a) provides federal habeas review for a person in custody pursuant to the judgment of a State court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  However, an application for a writ of habeas corpus:

---

[1] The filing fee is established by 28 U.S.C. § 1914(a).

> on behalf of a person in custody pursuant to
> the judgment of a State court shall not be
> granted unless it appears that--
>    (A) the applicant has exhausted the
>    remedies available in the courts of the
>    State; or
>    (B)(i) there is an absence of available
>    State corrective process; or
>    (ii) circumstances exist that render
>    such process ineffective to protect the
>    rights of the applicant.

28 U.S.C. § 2254(b)(1).

On the face of Petitioner's submission to this Court, Petitioner has not exhausted his state court remedies because his claim is pending in the state post-conviction court. Petitioner has not alleged that there is an absence of state corrective process to address his federal claim or that circumstances exist that render such process ineffective to protect his rights. Petitioner merely alleges jurisdiction is proper here because his claim is federal in nature. (Pet. ¶ 2.)

> A federal court will not grant a state
> prisoner's petition for a writ of habeas
> corpus unless available state-court remedies
> on the federal constitutional claim have
> been exhausted. 28 U.S.C. § 2254(b)(1);
> *Stevens v. Del. Corr. Ctr.*, 295 F.3d 361,
> 369 (3d Cir.2002). The exhaustion
> requirement is satisfied only if the
> petitioner can show that he fairly presented
> the federal claim at each level of the
> established state-court system for review.
> *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-
> 45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999);
> *Whitney*, 280 F.3d at 250.2 "Fair
> presentation" of a claim means that the
> petitioner "must present a federal claim's
> factual and legal substance to the state

3

> courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir.1999) (citations omitted).

Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004).

Because his State post-conviction proceeding is still pending, Petitioner has not exhausted his state court remedies on his claims. For these reasons, Petitioner may wish to exhaust his state court remedies before bringing his federal habeas petition.

**IT IS**, therefore, on this **3rd** day of **March 2015**,

**ORDERED** that this matter is dismissed; and it is further

**ORDERED** that, Petitioner may open a new case by paying the five dollar filing fee or submitting a properly executed form, "Prisoner Applying To Proceed In Forma Pauperis In A Habeas Corpus Case," accompanied by a properly completed form "Petition for Relief From a Conviction or Sentence By a Person in State Custody Under 28 U.S.C. 2254;" and it is finally

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Plaintiff by regular U.S. Mail, together with blank forms "Prisoner Applying To Proceed In Forma Pauperis In A Habeas Corpus Case" and "Petition for Relief From a Conviction or Sentence By a Person in State Custody Under 28 U.S.C. 2254."

                                       s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       United States District Judge